## STOLZ v. PATEE.

### Opinion delivered March 9, 1925.

APPEAL AND ERROR—DISMISSAL FOR NONJOINDER OF PARTY.—Crawford & Moses' Dig., § 2144, requiring all parties against whom judgment is rendered to join in an appeal *held* not to require dismissal of an appeal joined in by two only of three defendants, where time for appeal by the third defendant had expired, as the intent of the statute was to protect the winning party from successive appeals.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens,* Chancellor; motion to dismiss appeal over-ruled.

*McNally & Sellers,* for appellants.

*Henry Stevens,* for appellee.

PER CURIAM. Appellee instituted this action in the chancery court of Columbia County to recover on a promissory note executed to him by A. L. Meisner as principal, and appellant A. H. Stolz as indorser or surety, and also against Hattie W. Meisner, wife of

said A. L. Meisner, to procure the setting aside of a deed alleged to have been made in fraud of A. L. Meisner's creditors. On the hearing of the cause all the relief prayed for in appellee's complaint was granted. A personal decree was rendered against A. L. Meisner and appellant Stolz for the amount of the note. The deed to appellant Hattie W. Meisner was set aside as a fraud on her husband's creditors, and the lands thus conveyed were decreed to be subject to a lien for appellee's debt. Appellants A. H. Stolz and Hattie W. Meisner prayed an appeal, and have properly perfected the appeal by filing the transcript here within the time prescribed by law. A. L. Meisner did not appeal, and his time for appeal has expired.

Appellee filed a motion to dismiss the appeal on the ground of the nonjoinder therein of the other defendant, A. L. Meisner. Appellee invokes the operation of the statute (Crawford & Moses' Digest, § 2144 *et seq.*) which provides in substance that all persons against whom a judgment may have been rendered shall join in the appeal, except where it may be otherwise provided by law, and that, if they are omitted, the appeal "shall be dismissed on motion of the appellee upon due proof of the fact, unless one or more of such persons be allowed by the court to proceed." The statute further provides (§ 2145) that, where appellants show an excuse for not joining the other parties in the appeal, the court shall make an order directing the person so refusing to appear in court within such time as may be reasonable, and join in the appeal; and in another section (2150) the statute provides that, if the person named in the order does not appear and join in the appeal, "the default of such person shall be entered, and he shall thereby be forever precluded from bringing any appeal or writ of error on the same judgment, and the cause shall proceed in the same manner as if such person had been named in such appeal and the proceedings thereon." It is obvious from the language of the statute that it was intended merely to protect the successful party in a

judgment or decree from separate appeals prosecuted by losing parties, where there is more than one of them. It is not the purpose of this statute to cut off the right of appeal of either of the losing parties, either separately or jointly. As long as the right of appeal exists as to all of the unsuccessful parties, the successful party has a right to compel them all to join in the appeal, and it imposes upon either one of the appealing parties the duty of joining the others in the appeal, or at least bring them before the court so that they can be barred of an appeal unless they prosecute one.

Appellants have responded in the present case by showing that they requested said A. L. Meisner to join in the appeal, but that he refused to do so. The time within which an appeal could be taken has expired, and it would serve no useful purpose for the court to require that A. L. Meisner be brought into court to determine whether or not he desired to appeal, for the two appellants have an absolute right to appeal, and, as we have already seen, the statute does not make that right conditional upon the prosecution of an appeal by other unsuccessful parties in the decree. The purpose of the statute has been served now, or, rather, its operation is inapplicable for the reason that the time for the other party to appeal has expired, and the appellee is in no danger of being subjected to another appeal.

The motion to dismiss is therefore overruled.